**Iris LOPEZ PEREZ et al., Plaintiffs,**

v.

**Shirley M. HUFSTEDLER, Secretary of Education, Defendant.**

**Civ. A. No. 80–0597.**

United States District Court, District of Columbia.

Oct. 28, 1980.

David C. Long, Washington, D. C., for plaintiffs.

Michael T. Scott, U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

On June 13, 1980, this court denied without prejudice defendants' motion to dismiss plaintiffs' amended complaint for failure to join an indispensible party (the Puerto Rican Department of Education (PRDE)), or in the alternative, to transfer the case to Puerto Rico pursuant to 28 U.S.C. § 1404(a). Defendants have since filed a renewed motion to transfer. After consideration of the briefs and oral arguments of counsel for both sides, the court concludes that the balance of convenience and the interests of justice would be best served by transferring this action to the United States District Court for the District of Puerto Rico and thus will grant the renewed motion.

Plaintiffs, consisting of parents and their minor children, are residents of Puerto Rico. They brought suit against the Secretary of Education and other federal officials seeking declaratory and injunctive relief on account of the alleged failure of defendants to comply with Title I and the General Provisions of the Elementary and Secondary Education Act of 1965, as amended, 20 U.S.C. § 2701 et seq. In particular, plaintiffs allege that defendants improperly granted to Puerto Rico a waiver of certain requirements of Title I; that although defendants are aware of violations of the terms of the waiver, they have taken no action to either terminate the waiver or compel compliance; and that even though

the Department of Education and its predecessor have known about Puerto Rico's noncompliance with Title I requirements since 1972, these departments have nevertheless continued to distribute Title I funds to Puerto Rico and have never commenced administrative enforcement action against PRDE. The relief sought by plaintiffs might have the effect of cutting off federal funds under Title I to PRDE.

■ Under § 1404(a), defendants must carry the burden of persuading the court that transfer of the action will serve the balance of conveniences and the interest of justice. *Islamic Republic of Iran v. Boeing Co.*, 477 F.Supp. 142, 143 (D.D.C.1979). "[I]t is perhaps impossible to develop any fixed, general rules on when cases should be transferred," *Starnes v. McGuire*, 512 F.2d 918, 929 (D.C.Cir. 1974) (en banc), since the decision will depend upon "a factually analytical, case–by–case determination. *SEC v. Savoy Industries*, 587 F.2d 1149, 1154 (D.C.Cir. 1978) *citing Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964). Thus, the decisive factors in a district court's decision are themselves varied, *cf. Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and will differ with the facts of each case. *See Starnes v. McGuire*, 512 F.2d at 929–33; *SEC v. Page Airways*, 464 F.Supp. 461 (D.D.C.1978).

■ Plaintiffs have asserted all along that the relief they seek is solely from the United States Department of Education and therefore resolution of their claim would require no witnesses from Puerto Rico. This characterization is correct only in a limited sense. To be sure, this court is well equipped to entertain the complaint as it is written. It would ignore reality, however, to accept plaintiffs' view of the scope of this action. For if plaintiffs were to prevail on the merits, the real effect of enforcement of this court's action would be felt not in the District of Columbia, but in Puerto Rico. As count III of plaintiffs' second amended complaint makes clear, the gist of this case is PRDE's compliance with Title I. If hearings or other litigation becomes necessary to a final resolution of the *entire* controversy, a not unlikely prospect, it would involve parties, witnesses and evidence located primarily in Puerto Rico. Further, PRDE might, in fact, be an indispensible party to this litigation despite the June 13, 1980 order. Jurisdiction over that party would be proper in the District of Puerto Rico. It is clear, then, that for this court to retain jurisdiction over this case would most probably involve it in issues better suited for decision by a United States District Court judge sitting in Puerto Rico.

Another factor militating against retention of jurisdiction of this case is that on October 2, 1980, a hearing concerning PRDE's compliance with Title I was held in Puerto Rico. Status Report filed by Defendants on October 3, 1980 (no response filed by plaintiffs). *See* 20 U.S.C. § 2836(c)(3). Action taken by the Secretary with respect to compliance will depend upon that hearing. Final action then taken will be judicially reviewable only in "the United States Court of Appeals for the circuit in which [Puerto Rico] is located." 20 U.S.C. § 2851(a). Since that would be the first circuit, the interests of justice would be served by assuring that review of any decision in the instant action would be in the same court of appeals.

Finally, it has been suggested that despite the fact that all plaintiffs reside in Puerto Rico, it would be more convenient for counsel to litigate this matter in the District of Columbia. But, as another judge of this court has observed: "The inconvenience experienced by plaintiffs' counsel in having to travel ... or to retain local counsel ... is of minor, if any, importance under § 1404(a)." *Islamic Republic of Iran v. Boeing Co.*, 477 F.Supp. at 143.

An appropriate order accompanies this memorandum. It will direct the Clerk to transfer the case 15 days from this date, in order to permit plaintiff to seek interlocutory relief from the Court of Appeals if he is so disposed. *See Starnes v. McGuire*, 512 F.2d at 935.