**E. & J. GALLO WINERY, Plaintiff,**

v.

**F. & P. S.p.A., Defendant.**

**No. CV–F–94–5269–REC/SSH.**

United States District Court,
E.D. California.

Aug. 11, 1994.

D. Gregory Durbin, McCormick Barstow Sheppard Wayte and Carruth, Fresno, CA.

Paul W Reidl, E and J Gallo Winery, Modesto, CA, for E and J Gallo Winery.

Barbara Solomon, Weiss Dawid Fross Zelnick and Lehrman, New York City.

Allan Zelnick, Weiss Dawid Fross Zelnick and Lehrman, New York City.

Don W. Martens, Knobbe Martens Olson and Bear, Newport Beach, CA.

### ORDER RE DEFENDANT'S MOTION FOR TRANSFER OF VENUE, OR ALTERNATIVELY, FOR STAY OF PROCEEDINGS

COYLE, Chief Judge.

On August 8, 1994, this Court heard defendant F. & P. S.p.A.'s ("F & P") Motion for Transfer of Venue, pursuant to 28 U.S.C. § 1404(a), or alternatively, for Stay of Proceedings. Upon consideration of the written and oral arguments and the record, defendant's Motion is denied for the following reasons.

## I. BACKGROUND

Plaintiff E. & J. Gallo ("Gallo") sues defendant for federal and state infringement of plaintiff's registered "Gallo" trademarks, state unfair competition, and cancellation of defendant's two trademark registrations. Defendant, an Italian corporation, imports rice into the United States in packaging that bears the four different "GALLO" marks.

Defendant owns federal trademark registrations on two of the marks, allegedly dating back to 1931 and 1965, respectively (Nos. 279,235 and 787,871). Defendant is applying for registrations on the latter two. Thirteen months before this suit was filed, Gallo initiated cancellation proceedings in the Patent and Trademark Office ("PTO"), i.e., the Trademark Trial and Appeal Board ("TTAB"), to cancel the 279,235 and 787,871 trademarks on the grounds of abandonment and fraudulent renewal. Gallo has requested a stay on those proceedings pending the outcome of this suit.

Defendant now seeks to transfer this suit for the convenience of witnesses and in the interest of justice to the Central District of California. Three of the six or seven witnesses who have either brokered or distributed defendant's products into the United States are located in Los Angeles. In the alternative, defendants request that this suit be stayed pending the outcome of Cancellation Nos. 21,490 and 21,491 before the TTAB.

## II. DEFENDANT'S MOTION TO TRANSFER VENUE

■ "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The transferee court must be one "where action might have been brought." *Id.* That is, the transferee court would have had subject matter jurisdiction at the time the action was filed; defendants would have been subject to personal jurisdiction; and venue would have been proper. Schwarzer, Tashima, and Wagstaffe, *California Practice Guide: Federal Procedure Before Trial* § 4:264, at 4–53 (1993) (citing *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)). It is undisputed that Gallo could have initially sued F & P in the Central District.

■ Three factors are in the inherently broad discretion of the Court, allowing the Court to consider the particular facts of each case: convenience of the *parties,* convenience of the *witnesses,* and *interest of justice.* 28 U.S.C. § 1404(a); Schwarzer et al, *supra,* § 4:267, at 4–54 (citing *Lopez Perez v. Hufstedler,* 505 F.Supp. 39 (D.D.C.1980)). These factors break down to a number of relevant considerations: convenience of witnesses, judicial economy, relative ease of access to proof, and availability of compulsory process. Schwarzer et al, *supra,* 4:270–77, at 4–54 to 55. Unless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed. *Continental Oil Co. v. Atwood & Morrill Co.,* 265 F.Supp. 692 (D.Mont. 1967). Convenience of counsel is not a consideration.

■ F & P bears a heavy burden of showing a clear balance of inconveniences to it. *See Commodity Futures Trading Com. v. Savage,* 611 F.2d 270 (9th Cir.1979); *Harris Trust & Sav. Bank v. SLT Warehouse Co.,* 605 F.Supp. 225 (N.D.Ill.1985). Affidavits or declarations are required to identify key witnesses and a generalized statement of their anticipated testimony. Schwarzer et al, *supra,* § 4:301, at 4–59 (citing *Heller Finan-*

*cial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir.1989)).

■ F & P's main reason for transfer is the convenience of three non-party witnesses—Luciani, Guidi, and Zuccarello—who are key distributors and brokers of defendant's product into the United States. Defendant contends that these witnesses are sole proprietors whose small businesses demand their presence in their Los Angeles offices. Guidi testified that his attendance at a Fresno trial would be "devastating"—because he must produce $2,000 or "go down." (Guidi Dep. at 56.) Luciani testified that it would be a "big problem." (Luciani Dep. at 86.) Zuccarello, on the other hand, testified that he travelled extensively so long as his partner was in the office. (Zuccarello at 95.)

The inconvenience of Guidi, Luciani, and Zuccarello—though considerable—does not bear F & P's heavy burden of showing a strong balance of convenience for defendant. Their depositions indicate that they could attend a Fresno trial. In any event, their deposition testimonies have already been prepared. There are also at least three other distributor/broker witnesses for defendant who are in neither the Eastern or Central Districts, but in San Francisco, New York, and Wisconsin. Moreover, Gallo's headquarters, witnesses, and documents are in Modesto. Access to Gallo's resources is important because there is no stipulation concerning the strength and ownership of plaintiff's "GALLO" mark.

Defendant further contends that "voluminous business records of F & P's customers are located in the Los Angeles Area." However, this assertion is supported by little evidence. Moreover, it is nearly as cumbersome to ship documents to the Los Angeles courthouse as it is to this one. Defendant also mentions the potential for testimony by retailers—Italian restaurants and delis—who purchase defendant's rice in the Los Angeles area. Though relevant, these witnesses are not identified and their anticipated testimony has not been presented to the Court in the form of required affidavits or declarations. It is difficult to evaluate the role of these witnesses and realize the impact of a venue change on their function.

Defendant's motion for transfer of venue is denied.

## III. *DEFENDANT'S ALTERNATIVE MOTION FOR STAY OF PROCEEDINGS*

■ Defendant alternatively moves for a stay of the proceedings pursuant to the "primary jurisdiction" doctrine. This doctrine is applied when a judicially cognizable claim is presented, but "enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Goya Foods, Inc. v. Tropicana Products, Inc.,* 846 F.2d 848, 851 (2nd Cir.1988) (citation omitted). The doctrine's rationale is to ensure uniformity and to allocate the lawmaking power over certain aspects of commercial relations to the agency. *Id.*

■ Defendant argues that this suit should be suspended pending the TTAB's decision on the questions of defendant's abandonment and fraudulent renewal of its trademark registrations—the very issues raised by the plaintiff's fifth claim ("Cancellation and Refusal of Registrations"). A trademark registration creates a presumption of secondary meaning at the time of filing. If F & P's 1931 and 1965 registrations are invalidated by the TTAB, F & P would lose the presumption that its "Gallo" mark enjoyed secondary meaning as long ago as 1931.

There is no Supreme Court or Ninth Circuit authority deciding whether the primary jurisdiction doctrine should apply in a trademark suit like this one. At least two district courts have decided the question affirmatively in the trademark context. *See Driving Force, Inc. v. Manpower, Inc.,* 538 F.Supp. 57 (E.D.Pa.1982); *C–Cure Chemical Co. v. Secure Adhesives Corp.,* 571 F.Supp. 808 (W.D.N.Y.1983). However, district and appeals courts have later presented strong arguments to arrive at the opposite conclusion. Faced with facts similar to the instant case, the Second Circuit in *Goya Foods* found that the primary jurisdiction doctrine did not warrant a stay of a suit claiming trademark infringement, pending TTAB registration proceedings. *Goya Foods,* 846 F.2d at 852.

468

The *Goya Foods* court first reasoned that a disappointed party from a TTAB proceeding may bring a civil action in a United States District Court, 15 U.S.C. § 1071(b), and then receive trial *de novo* of the very same issue. The record made in the PTO is admissible, but not binding on the district court. *Id.* at 852–853. Second, trademark suits do not deal with "a regulated industry in which policy determinations are calculated and rates are fixed in order calibrate carefully an economic actor's position within a market under agency control." *Id.* at 853. Though potentially helpful, the TTAB's special expertise is hardly necessary in federal district courts which regularly adjudicate trademark matters. Fourth, a litigant seeking to halt an alleged infringement is entitled to have the infringement issue resolved promptly. *Id.* at 854. Finally and most importantly, the validity or invalidity of defendant's registrations is not dispositive in an infringement suit. One can always overcome the presumption of secondary meaning created by a valid registration, or establish secondary meaning in the absence of a registration. The linchpin in a priority dispute is the question, "Who established secondary meaning first?" 1 J. McCarthy, *Trademarks and Unfair Competition* § 16.12, at 745 (2d ed. 1984).

This Court finds the analysis of the *Goya Foods* court to be compelling. A further factor in this case supports denial of stay. Apart from challenging defendant's two registered marks, plaintiff Gallo also claims infringement by defendant's other two "GALLO" marks, neither of which relate to the TTAB proceeding.

Defendant's motion for stay is denied.

ACCORDINGLY, IT IS ORDERED THAT defendant's Motion for Transfer of Venue or Stay of Proceedings is denied as set forth herein.