INJEN TECHNOLOGY CO. LTD.,
a California corporation,
Plaintiff,

v.

ADVANCED ENGINE MANAGE-
MENT, INC., a California cor-
poration, Defendant.

Civ. No. 02 CV 2535–B (JFS).

United States District Court,
S.D. California.

April 29, 2003.

Karl M. Steins, Karl Steins and Associate, San Diego, CA, for plaintiff.

Shannon Hunt Alexander, Weissmann Wolff Bergman Coleman Grodin and Evall, Beverly Hills, CA, for defendant, counter-claimant.

Thomas Frank DiPaolo, Dipaolo and Hamilton, San Diego, CA, for counter-defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE [4–1], GRANTING DEFENDANT'S MOTION TO TRANSFER FOR IMPROPER VENUE [4–2], AND GRANTING IN THE ALTERNATIVE DEFENDANT'S MOTION TO TRANSFER FOR CONVENIENCE [4–3]**

BREWSTER, Senior District Judge.

## I. Introduction

Defendant Advanced Engine Management, Inc. ("AEM") owns U.S. Patent No. 6,394,128 ("the '128 Patent"). In November 2002, AEM sent a "cease and desist" letter to Plaintiff Injen Technology Co., Ltd. ("Injen"), stating that Injen's air safety valve infringes the '128 Patent. In December 2002, Injen filed this action seeking a declaratory judgment of noninfringement.

On January 15, 2003, AEM filed the instant motion to: (1) dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3); (2) transfer for improper venue pursuant to 28 U.S.C. § 1406(a); or (3) transfer for convenience pursuant to 28 U.S.C. § 1404(a). Injen contends that venue is proper because Defendant AEM "resides" in the Southern District of California pursuant to 28 U.S.C. § 1391(b)-(c).

## II. Relevant Facts

Plaintiff Injen is headquartered in Pomona, California. Defendant AEM is headquartered in Hawthorne, California. Both cities are located in the Central District of California. AEM has neither offices nor employees in San Diego County. It does not sell its products directly to San Diego retail consumers. It does, however, sell its products to five automotive stores in San Diego. *See* Supplemental Decl. of Gregory Neuwirth at ¶ 4. These sales account for approximately 2% of AEM's total business. *Id.* at ¶ 5.

## III. Discussion

### A. The Venue Statute—28 U.S.C. § 1391

Venue in a federal question case is governed by 28 U.S.C. § 1391(b). Subsection (b) provides that venue is proper only in a judicial district: (1) where any defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b)(1)-(3).

Subsection (c) of Section 1391 defines where a corporate defendant "resides" for purposes of the venue statute:

(c) **For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is *subject to personal jurisdiction* at the time** the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside *in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State,* and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c) (emphasis added).

### B. A Threshold Question: Which Circuit's Precedent Applies?

 In cases concerning the patent laws, the district court applies the law of the Federal Circuit to patent issues and the law of the circuit in which it sits ("the regional circuit") to nonpatent issues. *See, e.g., In re Cambridge Biotech Corp.,* 186 F.3d 1356, 1368 (Fed.Cir.1999). Thus, as a general rule, procedural issues are governed by the law of the regional circuit. *See Madey v. Duke University,* 307 F.3d 1351, 1358 (Fed.Cir.2002) ("On procedural issues, this Court follows the rule of the regional circuit, unless the issue is unique to patent law and therefore exclusively assigned to the Federal Circuit.").

 Interpretation of the general venue statute, 28 U.S.C. § 1391, undoubtedly raises a procedural issue that is not unique to patent law. *See, e.g., Auto Europe, LLC v. Conn. Indem. Co.,* 321 F.3d 60, 64 (1st Cir.2003) (referring to venue as a procedural issue); *Firstar Bank, N.A. v. Faul,* 253 F.3d 982, 990 (7th Cir.2001) (distinguishing between venue and jurisdiction); *Raphael J. Musicus, Inc. v. Safeway Stores, Inc.,* 743 F.2d 503, 506 n. 2 (7th Cir.1984) (stating that venue is a pro-

cedural issue governed by federal statute). Thus, at first glance, it would appear that the precedent of the regional circuit controls the question now before the Court.

 Nevertheless, there are factors that lead this Court to conclude that the law of the Federal Circuit should govern the inquiry whether a corporate defendant "resides" in a forum for purposes of 28 U.S.C. § 1391(c). First, it is well established that, in cases concerning patent rights, the law of the Federal Circuit controls the district court's inquiry whether it has personal jurisdiction over a defendant. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564–1565 (Fed. Cir.1994). *See also Hildebrand v. Steck Manufacturing Co., Inc.*, 279 F.3d 1351, 1354 (Fed.Cir.2002) (stating that Federal Circuit law governs personal jurisdiction inquiries over patentees as declaratory judgment defendants). Subsection (c) of Section 1391 expressly incorporates the personal jurisdiction test as the standard for determining whether a defendant "resides" in a forum. Thus, whether resolving the issue of personal jurisdiction or the question of corporate residence for purposes of the venue statute, the district court employs the same framework: it examines "minimum contacts." The only difference is the scope of the contacts to be examined. In the personal jurisdiction context, the court examines statewide contacts, while for purposes of venue, the court examines only those contacts pertaining to the judicial district. It would be strange indeed if the district court were obliged, on the one hand, to rely upon Federal Circuit precedent to settle the personal jurisdiction issue and, on the other hand, to employ the law of the regional circuit to determine corporate venue, when both questions involve an identical analytical framework.

Moreover, in *Beverly Hills Fan Co.*, the Federal Circuit stated that its principal reasons for co-opting the personal jurisdiction inquiry were to achieve national uniformity in the field of patent law, *see* 21 F.3d at 1564, and to eliminate forum shopping on either substantive or procedural grounds, *see* 21 F.3d at 1565, n. 13. The same policy considerations are served by employing the law of the Federal Circuit to determine corporate residence under 28 U.S.C. § 1391(c).

 The issues of personal jurisdiction and of corporate residence under the general venue statute relate to a single question: whether it is proper to bring an action in a particular forum. Thus, harmony in the approach district courts take to deciding the two related issues is essential to achieving the Federal Circuit's goal of uniformity in the law determining "whether and where" patent issues may be litigated, *see* 21 F.3d at 1564.

 In contrast, a motion to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) does not concern the issue "whether and where" an action *may* be properly litigated. It relates solely to the question where, among two or more proper forums, the matter *should* be litigated to best serve the interests of judicial economy and convenience to the parties. *See, e.g., Van Dusen v. Barrack*, 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (describing a transfer of venue for convenience as "no more than a change in courtrooms."); 17 Moore's Federal Practice § 110.01 (3d. ed.2000). Thus, there is no inconsistency in concluding that the law of the Federal Circuit governs the district court's determination whether a forum is a proper venue as defined by 28 U.S.C. § 1391, but regional circuit law governs the question whether to transfer venue for convenience. *See Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed.Cir.1997) (citing regional circuit precedent when examining a 28 U.S.C.

§ 1404(a) motion to transfer for convenience).

Therefore, the Court holds that the determination whether Defendant AEM "resides" in the Southern District of California for purposes of 28 U.S.C. § 1391(c) is controlled by Federal Circuit precedent pertaining to personal jurisdiction.

### C. Whether AEM "Resides" in the Southern District of California

Injen contends that venue is proper because Defendant AEM "resides" in the Southern District of California. To prevail on this argument, Injen must establish that AEM has contacts within the Southern District of California that would be sufficient to subject it to personal jurisdiction if the district were a separate state. *See* 28 U.S.C. § 1391(c).

### 1. Standard of Law—Personal Jurisdiction

■■■■ Determining whether a court may exercise personal jurisdiction over a defendant ordinarily requires a two-step inquiry: (1) whether the forum state's long-arm statute reaches the defendant; and (2) whether the exercise of jurisdiction comports with the federal constitutional principle of due process. *See Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed.Cir.1998). California's long-arm statute "confers jurisdiction to the extent that it comports with due process." *See Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1396 (9th Cir.1986) *quoted in Oacis Health Care Sys., Inc. v. Allcare Health Mgmt. Sys., Inc.*, No. C–99–5112–VRW, 2000 WL 550040, *1, 2000 U.S. Dist. LEXIS 5902, at *3 (N.D.Cal. April 25, 2000). Thus, the two-step inquiry folds into one: whether the exercise of personal jurisdiction comports with due process.

■■■■ Due process requires that the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quotation omitted). In a patent case, this analysis is guided by the law of the Federal Circuit. *See Beverly Hills Fan Co.*, 21 F.3d at 1564.

■■■ Clearly, due process is satisfied if the defendant has "continuous and systematic contacts" with the forum, even if the cause of action does not arise out of or relate to those contacts. *See Red Wing Shoe Co.*, 148 F.3d at 1359. This is referred to as "general jurisdiction." *See id.*

■■■ Additionally, due process is satisfied if the court has "specific jurisdiction" over the defendant. In the Federal Circuit, specific jurisdiction is present if: (1) the defendant has purposefully directed its activities at residents of the forum state; (2) the claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is fair and reasonable. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed.Cir.1995) *cited in Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed.Cir. 2001).

### 2. Analysis

#### a. General Jurisdiction

■■■ The Federal Circuit has visited the issue of general jurisdiction infrequently, but its limited case law clearly supports the conclusion that AEM's sales within the County of San Diego, which, according to the declarations submitted by the parties, account for only 2% of its total business, are not the kind of "systematic and continuous" contacts that would warrant the exercise of general jurisdiction. Indeed, the Federal Circuit affirmed without opinion a district court's determination that *three* percent of sales in the forum

was insufficient to establish general jurisdiction. *See Stairmaster Sports/Med. Prod., Inc. v. Pacific Fitness Corp.,* 916 F.Supp. 1049, 1053 (W.D.Wash.1994), *aff'd,* 78 F.3d 602 (Fed.Cir.1996). Other relevant precedent also disfavors a finding of general jurisdiction on the basis of limited sales. *Compare Amana Refrigeration, Inc. v. Quadlux, Inc.,* 172 F.3d 852, 858 (Fed.Cir.1999) (stating that the defendant's "very limited sales" within the forum were insufficient to justify forum's exercise of personal jurisdiction), *with LSI Ind., Inc. v.Hubbell Lighting, Inc.,* 232 F.3d 1369, 1375 (Fed.Cir.2000) (finding general jurisdiction where defendant had millions of dollars of sales and a broad distributorship network in the forum).

Furthermore, the same result would be reached under Ninth Circuit precedent. In *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 381 (9th Cir.1990) *rev'd on other grounds,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), the Ninth Circuit held that there were insufficient contacts to justify an exercise of general jurisdiction despite the fact that the defendant cruise line advertised in the forum, dealt with travel agents in the forum, and sold approximately 2% of its cruises in the forum. *See also Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,* 1 F.3d 848, 851 n. 3 (9th Cir.1993) (noting that the Supreme Court has upheld the exercise of general jurisdiction only once and stating that the Ninth Circuit "regularly [has] declined to exercise general jurisdiction even where the contacts [have been] quite extensive.").

Therefore, the Court concludes that if the Southern District of California were a separate forum state, the defendant's contacts with the district would be insufficient to justify the Court's exercise of general jurisdiction.

### b. Specific Jurisdiction

■ As the Court noted previously, AEM's only contacts within San Diego County relate to sales to five local automotive parts stores. *See supra* Part II. These sales, however, are immaterial to the jurisdictional issue because the dispute between the parties in no way "arises out of or relates to" the sales. This case concerns whether *Injen* has sold products that infringe *AEM's* patent. In such a case, *AEM's* sales are not at issue. Thus, Injen cannot rely upon AEM's sale activities to establish the Court's specific jurisdiction over AEM.

■ Therefore, the Court concludes that if the Southern District of California were a separate forum state, the defendant's contacts with the district would be insufficient to justify the Court's exercise of specific jurisdiction.

For the aforementioned reasons, the Court holds that Defendant AEM does not "reside" in the Southern District of California for purposes of 28 U.S.C. § 1391(c) and, therefore, venue in this district is improper. Venue, however, clearly is proper in the Central District of California, where both the Plaintiff and the Defendant are headquartered. Therefore, the Court DENIES the Defendant's motion to dismiss for improper venue and GRANTS the Defendant's motion to transfer venue to the Central District pursuant to 28 U.S.C. § 1406(a) (permitting transfer from an improper venue to a proper venue if in the interests of justice). *See* 17 Moore's Federal Practice § 110.01 (3d. ed.2000) (stating that, in cases where venue is improper, "the preferred disposition is to transfer the action to a district in which it might have been brought in the first place.").

### D. Motion to Transfer Venue for Convenience—28 U.S.C. § 1404(a)

In the alternative, the Court GRANTS the motion to transfer for convenience pursuant to 28 U.S.C. § 1404(a) (authorizing transfer for the convenience of the parties, in the interests of justice). Although San Diego is the business residence of Plaintiff's counsel and a potential witness resides in Chula Vista, both parties are headquartered in the Central District, and presumably, most of the events at issue in the litigation occurred there. These circumstances warrant a transfer for convenience.

## IV. Conclusion

The Court concludes that Defendant AEM does not "reside" in the Southern District of California for purposes of 28 U.S.C. § 1391(c) and, therefore, venue in this district is improper. The Court DENIES the Defendant's motion to dismiss for improper venue and GRANTS the Defendant's motion to transfer to the Central District of California pursuant to 28 U.S.C. § 1406(a).

In the alternative, the Court GRANTS the Defendant's motion to transfer to the Central District of California pursuant to 28 U.S.C. § 1404(a). This CASE is CLOSED.

IT IS SO ORDERED.