**Angela JOHNSON, on behalf of herself, and all others similarly situated, Plaintiff,**

v.

**Bennett LAW, et al., Defendants.**

Case No. 3:12–cv–03043–CAB–RBB.

United States District Court, S.D. California.

Signed May 14, 2014.

Ronald Marron, Alexis Marie Wood, Beatrice Skye Resendes, Kas L. Gallucci, Law Offices Of Ronald A. Marron, APLC, San Diego, CA, for Plaintiff.

Jeffrey Alan Topor, Tomio B. Narita, Simmonds & Narita LLP, Robert Travis Campbell, Severson & Werson, San Francisco, CA, for Defendants.

Order Transferring Case to the District of South Carolina [Doc. No. 39]

CATHY ANN BENCIVENGO, District Judge.

This matter is before the Court on a Motion to Dismiss Complaint or in the Alternative to Transfer Venue by Defendants Complete Payment Recovery Services, Inc. ("CPRS"), Certegy Check Services, Inc. ("CCS"), and Fidelity National Information Services, Inc. ("FNIS" and together with CPRS and CCS, "Defendants"). For the reasons set forth below, the Court transfers this action to the United States District Court for the District of South Carolina.

## I. Background

Plaintiff Angela Johnson ("Johnson") is a South Carolina resident. She alleges that in September 2011 her husband (also a South Carolina resident) entered into a contract with Home Depot Home Services ("Home Depot") to perform work on his home (located in South Carolina). Her husband provided his South Carolina cell phone number on the application for this work. Beginning in March 2012, Johnson allegedly began receiving unsolicited calls to her cell phone concerning her husband's alleged debt to Home Depot. Johnson alleges that she "believes" she was initially contacted by CPRS, CCS, "and/or" FNIS, and that the call or calls were placed via an "automatic telephone dialing system." According to the First Amended Complaint, CPRS and FNIS are Georgia corporations, and CCS is a Delaware corporation, with all three having their respective principal places of business in Florida.

Johnson asserts causes of action against all three Defendants[1] for negligent and

willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* She purports to bring these claims on behalf of herself and a nationwide class consisting others who allegedly received unauthorized calls from Defendants to their cell phones via an automatic telephone dialing system.

On October 30, 2013, Defendants filed this motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. In the alternative, Defendants ask the Court to transfer this action to the District of South Carolina or to the Northern District of Alabama.

## II. Legal Standard

■ As plaintiff, Johnson has the burden of establishing proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979); *Blair v. CBE Group, Inc.*, 13–cv–134–MMA–WVG, 2013 WL 2029155 at *2 (S.D.Cal. May 13, 2013). The general venue statute located at 28 U.S.C. § 1391(b) governs that determination here. According to this statute, venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the same State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the

---

1. The Court dismissed defendant Bennett Law with prejudice by order dated September 20, 2013.

court's personal jurisdiction with respect to such action.

For the purposes of the venue statute, entity defendants "are deemed to reside ... in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). The statute further specifies that in states like California with multiple judicial districts, if a corporation is subject to personal jurisdiction in that state, the corporation is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

■ In a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court does not have to accept pleadings as true and may consider facts outside of the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir.2004). When venue is improper, the Court can either dismiss the action, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In addition, even if venue is proper in this district, it is within this Court's discretion to transfer the action to any other district where it might have been brought "for the convenience of the parties and witnesses." 28 U.S.C. § 1404(a).

### III. Discussion

The Court finds that Johnson has not established proper venue here under any of the three subparts of 28 U.S.C. § 1391(b), and that in the interests of justice this case should be transferred to South Carolina under 28 U.S.C. § 1406(a).

In the alternative, the convenience of the parties and witnesses and the interests of justice require transfer of this action to South Carolina pursuant to 28 U.S.C. § 1404(a).

### A. Venue Under Section 1391(b)(1)

This subpart of the general venue statute makes jurisdiction proper if all of the Defendants reside in California and at least one of the Defendants is deemed to reside in the Southern District of California. 28 U.S.C. § 1391(b)(1). A corporate defendant "resides" in the Southern District of California if, treating this District as a separate state, the defendant would be subject to personal jurisdiction here. 28 U.S.C. § 1391(d). Thus, to establish proper venue under this subpart of the venue statute, it is not enough for Johnson to prove only that each Defendant is subject to personal jurisdiction in California as a whole.

■ The Defendants here are subject to personal jurisdiction in this District only if they have " 'certain minimum contacts' with the forum such that the court's power to bind the defendant would not 'offend traditional notions of fair play and substantial justice.' " *Ambriz v. Coca Cola Co.*, No. 13–cv–3539–JST, 2014 WL 296159, at *3 (N.D.Cal. Jan. 27, 2014) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). This minimum contacts jurisdiction may be either general, or specific to the case at hand. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, —— U.S. ——, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011).

#### 1. General Personal Jurisdiction

■ An entity that has "substantial" or "continuous and systematic" contacts with this District may be sued here, even if the lawsuit concerns matters unrelated to those contacts. *Bancroft & Masters, Inc.*

*v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000). However, "[t]he standard for general jurisdiction 'is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.'" *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218 (9th Cir.2011) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)).

■ Here, there is no evidence that either CPRS or CCS have any employees in San Diego or that they conduct any business from here. It is also undisputed that they are not incorporated here and that their principal places of business are in Florida. Although FNIS appears to have a physical presence in San Diego, the extent of that presence is unclear, and in any event does not appear to be substantial. Faced with these facts, Johnson places great emphasis on the fact that the Defendants have each registered to do business in California. None of the facts, however, support a finding that any of the three Defendants is "fairly regarded as at home" in this District. *Goodyear*, 131 S.Ct. at 2853–2854. Further, even if FNIS' physical presence in San Diego were sufficient to warrant general jurisdiction over FNIS in this District, it does not support general jurisdiction over CPRS and CCS in this District (or even in California as a whole). *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir.2007) ("It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one ... in a forum state may not be attributed to the other."). Accordingly, Johnson has not established that Defendants are subject to general personal jurisdiction in this District or in California as a whole.

**2. Specific Personal Jurisdiction**

■ Likewise, the facts do not support a finding of specific personal jurisdiction over Defendants based on Johnson's claims. Specific jurisdiction exists "if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft & Masters*, 223 F.3d at 1086. Here, Johnson's claim arises out of a call or calls she allegedly received in South Carolina that, if they were actually made by any of the Defendants, originated from a call center in Alabama. Johnson does not argue or allege that her specific claims arise out of any Southern District of California activities by Defendants.

■ Instead, Johnson speculates that other putative class members may be located in this District. Johnson made no such allegation in her complaint, however, and even if Johnson had any evidentiary support for this speculation, it would not matter here because determination of proper venue is generally based on the named plaintiff, not unnamed or absent putative class members. *Ambriz*, 2014 WL 296159, at *5–6 (listing cases supporting its conclusion that "it is the named plaintiff's claim that 'must arise out of or result from the defendant's forum-related activities,' not the claims of the unnamed members of the proposed class, who are not party to the litigation absent class certification.").

Therefore, Johnson has not met her burden of establishing proper venue in this District on the grounds that Defendants are subject to specific personal jurisdiction here either.

## B. Venue Under Section 1391(b)(2)

██ Under this subpart, venue is proper in this District if "a substantial part of the events or omissions giving rise to the claim occurred" here. As discussed above, there is no dispute that none of the alleged improper calls to Johnson were made from or received in this District, and the claims of possible other class members are irrelevant to the venue determination. *Id.* Accordingly, Johnson has not proven proper venue in this District under this subpart of the venue statute.

## C. Venue Under Section 1391(b)(3)

Under this subpart, venue is proper in this District if subparts (1) and (2) cannot be satisfied by another district and at least one defendant is subject to personal jurisdiction here. Here, although Johnson opposes transfer to South Carolina (where she resides), she does not dispute that South Carolina would be a proper venue for this lawsuit. Accordingly, this subpart of the venue statute does not justify venue in this District.

## D. Transfer Under Section 1406(a)

██ Although Defendants have moved for dismissal based on improper venue, in lieu of dismissal, this Court may, "in the interest of justice, transfer [this] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Due to the age of this action, and to spare Johnson the delay and expense involved in re-filing this action and re-serving Defendants, the Court finds that the interests of justice weigh in favor of transfer to a proper venue instead of outright dismissal. To that end, the Court finds that this action could have been brought in South Carolina as venue would have been proper there under 28 U.S.C. § 1391. Moreover, all of the allegations in Johnson's complaint point to South Carolina as being the best district for this lawsuit. Accordingly,

the Court finds that transfer to South Carolina is appropriate under Section 1406(a).

## E. Transfer Under Section 1404(a)

██ Defendants also move in the alternative for transfer of this action to either South Carolina or the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a). This statute gives the Court discretion to transfer an action to another venue, even if venue is proper in this District, for the convenience of the parties and witnesses and in the interest of justice. Unlike the analysis under Section 1391, "a motion to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) does not concern the issue 'whether and where' an action *may* be properly litigated. It relates solely to the question where, among two or more proper forums, the matter *should* be litigated to best serve the interests of judicial economy and convenience to the parties." *Injen Tech. Co., Ltd. v. Advanced Engine Mgmt., Inc.,* 270 F.Supp.2d 1189, 1193 (S.D.Cal.2003) (*emphasis* in original).

██ Factors relevant to this determination include "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498–99 (9th Cir.2000). However, "[u]nless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed." *E & J Gallo Winery v. F & P S.p.A.,* 899 F.Supp. 465, 466 (E.D.Cal.1994).

██ Even with this heavy burden, transfer is warranted here. The only one of these factors that conceivably weighs in favor of this District is Johnson's choice of this forum, but that factor is less significant because Johnson brings this action on behalf of a class and because this forum has no connection to Johnson's claims. *Hawkins v. Gerber Prod. Co.*, 924 F.Supp.2d 1208, 1214 (S.D.Cal.2013) ("[I]n class actions, a plaintiff's choice of forum is often accorded less weight.") (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987)); *Galliani v. Citimortgage, Inc.*, No. 12–cv–00411–KJM–KJN, 2013 WL 101411, at *3 (E.D.Cal. Jan. 7, 2013) ("Where the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight . . .").

The rest of the *Jones* factors are either neutral or weigh in favor of transfer to South Carolina. Johnson and her husband reside in South Carolina, she received the alleged offending phone calls in South Carolina, and her husband executed the contract with Home Depot in South Carolina. According to Defendants, the alleged phone calls, if they were made by Defendants, came from a call center in Alabama. Any nonelectronic documentary evidence is therefore likely to be in South Carolina, Alabama or Florida (where the Defendants have their principal places of business). Any witnesses, including Johnson herself, are likely located in one of these states as well. On the other hand, this District has no connection to any of Johnson's allegations. Indeed, South Carolina appears to be the more convenient forum for everyone who may be involved in this case aside from plaintiff's counsel. *Cf. E & J Gallo Winery*, 899 F.Supp. at 466 ("Convenience of counsel is not a consideration.").

## IV. Conclusion

The Court finds that the Southern District of California is not a proper venue for this action and that the interests of justice warrant transfer to the District of South Carolina pursuant to 28 U.S.C. § 1406(a). In the alternative, even if venue is proper here, the Court finds the convenience of the parties and witnesses and the interests of justice warrant transfer to South Carolina pursuant to 28 U.S.C. § 1404(a). Accordingly, the Court hereby ORDERS as follows:

1. Defendants' Motion to Dismiss Complaint or in the Alternative to Transfer Venue [Doc. No. 39] is DENIED IN PART insofar as it seeks dismissal based on improper venue;

2. Defendants' Motion to Dismiss Complaint or in the Alternative to Transfer Venue [Doc. No. 39] is GRANTED IN PART insofar as it seeks transfer of this action to the District of South Carolina;

3. This action is TRANSFERRED to the United States District Court for the District of South Carolina for further proceedings pursuant to 28 U.S.C. § 1406(a), or in the alternative, pursuant to 28 U.S.C. § 1404(a);

4. All other pending motions, including Defendants' Motion to Dismiss for Failure to State a Claim [Doc. No. 40], Defendants' Motion to Withdraw as Attorney [Doc. No. 55], and Plaintiff's Motion to Compel [Doc. No. 57], are DENIED WITHOUT PREJUDICE to re-filing as necessary and appropriate after transfer to the District of South Carolina; and

5. This CASE is CLOSED.

IT IS SO ORDERED.