Michael **PFEIFFER, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**HIMAX TECHNOLOGIES, INC., Max Chan, and Jordan Wu, Defendants.**

**No. CV 07–05468 DDP (AGRx).**

United States District Court, C.D. California.

Jan. 8, 2008.

Jim T. Tice, Kenneth J. Catanzarite, Catanzarite Law Offices, Anaheim, CA, Laurence M Rosen, Phillip Kim, The Rosen Law Firm, New York City, for Plaintiff.

Bahram Seyedin–Noor, Betty Chang Rowe, Boris Feldman, Brian Danitz, Wilson Sonsini Goodrich and Rosati, Palo Alto, CA, Katherine L. Henderson, Wilson Sonsinni Goodrich and Rosati, San Francisco, CA, for Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

[Motion filed on October 24, 2007]

DEAN D. PREGERSON, District Judge.

This matter is before the Court on Defendant Himax Technologies, Inc.'s ("Himax") motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a), Plaintiffs' motion to consolidate related cases. After reviewing the papers filed by the parties and considering the arguments therein, the Court denies the motion to transfer venue to the Southern District of New York.

### I. BACKGROUND

This action arises from alleged violations of the Securities Act of 1933 with respect to Defendant Himax's initial public offer-

ing ("IPO") of American Depositary Shares. Plaintiff Michael Pfeiffer seeks to certify a securities class action, on behalf of purchasers of the Himax shares, in the Central District of California. Plaintiffs in a related case, *Oh v. Chan*, CV 07–4891 DDP (AJWx), seek to certify a securities class action for substantially similar claims.[1]

Plaintiffs in these two actions have filed a motion to consolidate the purported class actions. Defendant Himax, meanwhile, has filed a motion to transfer venue to the Southern District of New York. Plaintiff Michael Pfeiffer, joined by the plaintiffs in the Oh action, opposes transfer of venue.

## II. DEFENDANT'S MOTION TO TRANSFER VENUE

### A. *Legal Standard*

■ "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate when the moving party shows: (1) venue is proper in the transferor district court; (2) the transferee district court has personal jurisdiction over the defendants and subject matter jurisdiction over the claims; and (3) transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D.Cal.1992)

■ A court ruling on a motion to transfer must balance the convenience of parties and witnesses, and the interests of justice. 28 U.S.C. § 1404(a). The Court may also consider the following factors: (1) the location where the relevant agreements were negotiated and executed, (2)

the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Further, the presence of a forum selection clause, or a relevant public policy of the forum state, may be "significant factor [s]." *Id.* at 499.

### B. *Analysis*

The parties do not dispute that venue would be proper in this district or in the Southern District of New York, nor do they dispute the Southern District of New York's jurisdiction. The parties contest whether transfer of venue will serve the convenience of the parties and witnesses, and promote the interests of justice.

1. *Plaintiffs' Choice of Forum and the Central District of California's Connection to the Action*

Himax maintains that Plaintiff's choice of forum, normally entitled to deference, should be accorded minimal consideration because no plaintiffs reside in the district, plaintiffs' choice of forum in class action lawsuits is not accorded significant weight, and the operative facts of this case did not occur in the district. Plaintiffs indicate that their choice of forum is entitled to deference because the action has a connection to the Central District of California.

Here, it is true that the Central District has little connection to this action. The

---

**1.** The two actions allege that Himax customers had high inventory levels at or near the time of the IPO, which Himax failed to disclose when it initiated the IPO.

Central District does not have a substantial interest in the parties as none of the plaintiffs reside here; rather, the plaintiffs primarily live closer to New York than to California.[2] Although the district certainly has an interest in enforcement of the securities law, the operative facts of this action did not primarily occur in the district. Further, a substantially larger proportion of IPO shares were purchased in New York, and several other states, as opposed to California.[3]

▪ Accordingly, the Court gives only minimal consideration to Plaintiffs' choice of forum. Ordinarily, a plaintiff's choice of forum is entitled to deference. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987). This is not the case, however, when plaintiffs do not reside in the district, the operative facts have not occurred within the forum, the forum has no particular interest in the action, and plaintiffs are seeking to bring a class action. *See id.* This is a purported class action lawsuit where Plaintiffs do not reside in the district, the facts did not occur in the district, and the district does not have a local interest in the action. These factors weigh in favor of transfer of venue.

### 2. *Convenience of the Witnesses and the Parties*

There is no significant difference in convenience of the forum, however, between the Central District of California and

Southern District of New York. Himax argues that California is an inconvenient forum because none of the parties reside in the Central District. Plaintiffs counter that California is a more convenient forum than New York, primarily based on its geographic proximity to Taiwan and Hong Kong where witnesses and documents related to the IPO are located.

The Court does not view convenience to the witnesses and parties to favor either forum. No named plaintiff or defendant resides in the Central District, but the same is true of the Southern District of New York. The burden of transporting documents and witnesses from Asia will be the same in either district. Neither forum is more favorable in terms of access to evidence or the costs of litigation. Accordingly, this factor is neutral.

Without more, the Court will not order transfer of venue. Himax largely stakes its motion for transfer on provisions of the IPO documents that designate an agent for service of process for securities actions in New York and a forum selection clause that contemplates New York as a proper forum for such actions. The Court turns to these provisions.

### 3. *Himax's Designation of an Agent for Service of Process and Forum Selection Clause*

Himax's IPO prospectus designates an agent for service of process for all actions

---

**2.** Plaintiff Michael Pfeiffer is a resident of San Diego, California. Plaintiffs Vivian Oh, Marc Masoner, and Abhilash Rao are residents of Connecticut, Illinois, and Virginia respectively. Further, Defendant Himax is a Cayman Islands corporation with its principal place of business in Taiwan, and subsidiaries throughout Asia. Defendants Max Chan and Jordan Wu live outside the United States, as do all of Himax's officers and directors.

**3.** On March 30, 2006, Himax initiated its IPO of 52 million shares. A substantially larger

number of shares were purchased in New York than in California. The Court notes that the parties dispute whether the number of shares purchased in New York was 29.2% or 20.7%. Himax states that approximately 0.2% of shares were purchased in Los Angeles, and Plaintiffs do not challenge this figure. To date, the allocation of shares remains higher in New York than in California; as of July 2007, Himax indicates that 15% of shares are in New York and 3.9% of shares are in California.

in the courts, state or federal, of New York. (Declaration of Betty Chang Rowe ("Rowe Decl."), Ex. B, at 0011.) The IPO's deposit agreement and underwriting agreement further provide that the "federal and state courts in the City of New York shall have non-exclusive jurisdiction" over securities lawsuits. (Rowe Decl., Ex. D, at 0022 and Ex. E ¶ 13.) The reference to "non-exclusive jurisdiction" indicates a permissive forum selection clause. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir.1987) (holding that a forum selection clause that does not create exclusive jurisdiction is permissive, not mandatory).

Himax argues that these provisions are essentially forum selection clauses that designate New York as the proper forum for this action, and strongly favor transfer of venue.[4] Plaintiffs respond that the clause designating an agent for service cannot be construed as a forum selection clause, and that the other provisions are only permissive forum selection clauses that do not support transfer.

■ First, the Court finds that the clause designating an agent for service of process for actions brought in a particular state cannot be read as a forum selection clause. A company is entitled to have a forum selection clause subject to an analysis of its enforceability. *See Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). But the Court disagrees with Himax's position that designation of an agent for service for a particular jurisdiction can be leveraged to limit the forum for an action, especially when the Securities Act authorizes nation-

wide service of process. *See S.E.C. v. Ross*, 504 F.3d 1130, 1139–40 (9th Cir. 2007).

Second, the Court finds that other provisions in the IPO documents agreements support denial of this motion, the presence of a permissive forum selection clause notwithstanding. Specifically, the deposit agreement provides:

The Company irrevocably and unconditionally waives to the fullest extent permitted by law, any objection that it may now or hereafter have to the laying of venue of any actions, suits or proceeding brought in any court provided in this Section 7.6, and hereby further irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suits or proceeding brought in any such court has been brought in an inconvenient forum.

(Rowe Decl., Ex. D, at 0022.) Elsewhere in that section, the deposit agreement refers to "a Holder or Beneficial Owner [that] brings a suit, action or proceeding against (a) the Company . . . in any state or federal court. . . ." (*Id.*) Read together, the deposit agreement contains a waiver to Himax challenging venue in any such action in federal court by a shareholder.[5] Although the parties may have considered New York a proper forum for litigation, Himax nevertheless agreed to waive challenges to venue in shareholders' securities actions.

The Court, therefore, does not consider the service provision or the permissive forum selection clause to support transfer of

---

4. Although not dispositive, " 'a forum selection clause is determinative of the convenience to the parties' and is entitled to 'substantial consideration.' " *Unisys Corp. v. Access Co.*, No. C05–3378 TEH, 2005 WL 3157457, *4, 2005 U.S. Dist. LEXIS 31897,

at * 12 (N.D.Cal.2005) (internal citations omitted).

5. The Court additionally notes that the same paragraph of the deposit agreement appears to waive a challenge by Himax to service of process in such actions by shareholders. *Id.*

venue. This factor favors denial of the motion.

### 4. *Transfer of Venue is Not Warranted*

In balancing the section 1404(a) factors, the Court is inclined to deny transfer venue to the Southern District of New York. The Court finds that (1) the Central District has little connection to the operative facts, the parties, or the subject matter of the action and (2) as a result, plaintiff's choice of forum is entitled to only minimal consideration. However, (3) convenience of parties and witnesses is not served by transfer. Most importantly, (4) the permissive forum selection clause is insufficient to warrant transfer where the IPO documents specifically contemplate Himax's waiver of any challenges to venue in any state or federal court. Accordingly, the Court denies the motion to transfer of venue.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES the motion to transfer venue. IT IS SO ORDERED.