Florence H. **METZ**, Plaintiff,

v.

The **UNITED STATES LIFE INSURANCE COMPANY IN the CITY OF NEW YORK, et al., Defendants.**

**No. CV 09–06811 SJO (JEMx).**

United States District Court,
C.D. California.

Dec. 11, 2009.

---

Allan A. Shenoi, Daniel J. Koes, Shenoi Koes LLP, Pasadena, CA, for Plaintiff.

Adrienne C. Publicover, Michael K. Brisbin, Wilson Elser Moskowitz Edelman & Dicker LLP, San Francisco, CA, Christopher Frost, Edward A. Hosp, Lee Bains,

Michael D. Mulvaney, Maynard Cooper & Gale PC, Birmingham, AL, for Defendant.

**ORDER GRANTING MOTION OF DEFENDANT FOR AN ORDER TRANSFERRING THIS CASE TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a)**

S. JAMES OTERO, District Judge.

This matter is before the Court on Defendant United States Life Insurance Company in the City of New York ("U.S. Life") Motion for an Order Transferring this Case to the Southern District of New York Pursuant to 28 U.S.C. § 1404(a), filed October 14, 2009. Plaintiff Florence Metz ("Plaintiff") filed an Opposition, to which U.S. Life replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for December 7, 2009. *See* Fed.R.Civ.P. 78(b). For the following reasons, U.S. Life's Motion is **GRANTED.**

## I. *BACKGROUND*

On August 18, 2009, Plaintiff, "an individual who resides in California," filed a Complaint against U.S. Life in the Superior Court of the State of California, "individually and purporting to represent a class of similarly situated persons." (Compl. ¶ 1.) In her Complaint, Plaintiff alleges causes of action for: (1) Declaratory Relief; (2) Breach of Insurance Contract Seeking Consequential Damages for Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Fraud and Intentional Misrepresentations; (4) Deceit; and (5) Deceptive Practices in Violation of New York General Business Law, Section 349. (*See* Compl.) Specifically, Plaintiffs Complaint alleges that "on September 6, 2007, [she] properly submitted an insurance claim for covered catastrophic major medical benefits under THE POLICY ("the Policy")," but "U.S. Life refused—

and continues to refuse—to pay Plaintiff the benefits owed under the POLICY." (Compl. ¶¶ 31, 37.) On September 18, 2009, U.S. Life removed this action to this Court, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). (*See* Notice of Removal.) In pertinent part, U.S. Life stated:

> Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(a) and (c) because U.S. Life is subject to personal jurisdiction in this judicial district. Moreover, venue is also proper in the Central District of California pursuant to 28 U.S.C. § 1441(a) which reads in part '... any civil action ... may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending.' Los Angeles County is within the jurisdiction of the Central District of California.

(Notice of Removal ¶ 55.)

U.S. Life now alleges that this action should be transferred to the Southern District of New York. (Def.'s Mem. of P. & A. in Supp. of Mot. to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Def.'s Mem.").) Generally U.S. Life claims its operations are all based in the New York area, which encompasses New York City, as well as certain parts of New Jersey, so that transfer to the Southern District of New York is appropriate. Specifically, U.S. Life contends that it "is and was at the time of the filing of this lawsuit, a New York corporation with its principal place of business in New York, New York." (Def.'s Mem. 4.) Moreover, U.S. Life alleges that "the majority of [its] operations pertaining to the Policy and the catastrophic major medical group plan insurance policies ("CMMGP Policies"), including risk analysis, underwriting, processing of group insurance applications, policy issuance, com-

pliance, customer service, legal inquiries, appeals, and claims processing are handled in Neptune, NJ and New York, NY." (Def.'s Mem. 4.)

Finally, U.S. Life alleges that the policies at issue in Plaintiffs Complaint, and the insureds under those policies are "all inextricably connected to the state of New York." (Def.'s Mem. 5.) The Policy was issued "to the New York State United Teachers Benefit Trust ("NYSUT") and took effect on July 15, 1995." (Def.'s Mem. 5; Compl. 2.) "The Policy was executed, delivered, and accepted by NYSUT in New York," and key U.S. Life witnesses are all located in the New York area. (Def.'s Mem. 5–6.) U.S. Life claims that "[g]iven that most if not virtually all of U.S. Life's witnesses, claims records, and claims-handling and executive decision-making personnel with respect to the Policy and the CMMGP Policies are located In U.S. Life's Offices in the New York [a]rea, it would be extremely expensive and inconvenient for U.S. Life to have to defend and try this case in California." (Def.'s Mem. 7.)

## II. DISCUSSION

### A. Legal Standard for Transfer Under 28 U.S.C. § 1404(a)

In pertinent part, 28 U.S.C. § 1404 (" § 1404") states that "[f]or the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Saleh v. Titan Corp., et al.,* 361 F.Supp.2d 1152 (S.D.Cal.2005) (*citing Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). "Thus, even when venue is proper where the action is pending, section 1404(a) provides the Court with the discretion to transfer an action to a different venue under certain circumstances." *Catch Curve, Inc. v. Venali, Inc.,* 2006 WL 4568799 (C.D.Cal. Feb. 27, 2006). Analysis under § 1404 is two-fold. First, the defendant must establish that the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a). "This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." *Catch Curve, Inc.,* 2006 WL 4568799 *1; see Hoffman v. Blaski,* 363 U.S. 335, 343–44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

Second, courts must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); *see L.A. Mem'l Coliseum Comm'n v. N.F.L.,* 89 F.R.D. 497 (D.D.Cal.1981); *see Szegedy v. Keystone Food Prod., Inc.,* 2009 WL 2767683 (C.D.Cal. Aug. 26, 2009). In analyzing the third factor, the "interests of justice," a number of factors are relevant, including:

(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiffs choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiffs cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Szegedy,* 2009 WL 2767683 (C.D.Cal. Aug. 26, 2009); *see Stewart Org. v. Ricoh Corp.,*

487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). "Other factors that can be considered include: (1) the enforceability of the judgment; (2) the relative court congestion in the two forums; and (3) which forum would better serve judicial economy." *Szegedy,* 2009 WL 2767683 *2; see also 17 MOORE'S FEDERAL PRACTICE § 111.13[1][c] (3d. ed. 1997). "Substantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." *Catch Curve, Inc.,* 2006 WL 4568799 *1; *see Szegedy,* 2009 WL 2767683 *2. As such, "[t]he party seeking to transfer venue bears the burden of showing that convenience and justice require transfer." *Catch Curve, Inc.,* 2006 WL 4568799 *1; *see Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 278–79 (9th Cir. 1979) (holding that "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

■ However, there are instances in which a plaintiff's choice of forum receives less weight. First, "a foreign plaintiff's [forum] choice deserves less deference than the forum choice of a domestic plaintiff." *Saleh,* 361 F.Supp.2d 1152, 1158 (*citing Ravelo Monegro v. Rosa,* 211 F.3d 509 (9th Cir.2000)). Similarly, the Ninth Circuit "like other courts, has noted that the weight to be given the plaintiffs choice of forum is discounted where the action is a class action." *Saleh,* 361 F.Supp.2d 1152, 1157; *see also Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987) (holding that "when an individual brings a derivative suit or

represents a class, the named plaintiff's choice of forum is given less weight."). Deference to the plaintiff's choice of venue is further diminished "if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum." *Catch Curve, Inc.,* 2006 WL 4568799 *4; *see Pfeiffer v. Himax Techs., Inc.,* 530 F.Supp.2d 1121, 1124 (C.D.Cal. 2008) (holding that "ordinarily, a plaintiff's choice of forum is entitled to deference. This is not the case, however, when plaintiffs do not reside in the district, the operative facts have not occurred within the forum, the forum has no particular interest in the action, and the plaintiffs are seeking to bring a class action"); *see also Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 990–91 (E.D.N.Y.1991) (giving "less significance" to the plaintiffs choice of New York as a forum where the accident occurred in Florida, most of the witnesses were [in Florida] and the only connection with New York was that the plaintiff resided in New York and received treatment there).

B. *Analysis*

1. *This Action Could Have Been Brought in the Southern District of New York.*

■ In the instant action, venue is proper in both the transferor and transferee districts, pursuant to 28 U.S.C. § 1391 (" § 1391"). 28 U.S.C. § 1391.[1] "U.S.

---

1. 28 U.S.C. § 1391(a) states that where citizenship is based on diversity, a civil action may be brought in a "(1) judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,

or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may be brought." 28 U.S.C. § 1391(a).

Life is a New York corporation, doing business as an insurance company. U.S. Life is [also] an admitted insurer in the State of California and has informed Plaintiff that it is subject to California's rules, regulations, statutes and law governing admitted insurers." (Compl. ¶ 9.) Since this action could have been brought in either the Central District of California, or the Southern District of New York, the Court must balance: (1) the convenience to the parties; (2) the convenience to the witnesses; and (3) the interest of justice. *See Catch Curve, Inc.*, 2006 WL 4568799 *2.

### 2. *Convenience to the Parties*

■ Generally, the plaintiff's choice of forum in determining the convenience of the parties is afforded great deference. In the instant action, Plaintiff is a resident of California, and U.S. Life is an admitted insurer in California. (Compl. ¶¶ 1, 9.) Also, American General, which acquired U.S. Life, and is therefore legally liable for U.S. Life's liabilities, "is a Delaware Limited Liability Company, and at all material times herein, including the present, conducts business in Los Angeles County, California," according to Plaintiff's Complaint. (Compl. ¶ 10.) As such, the parties each have some connection to California.

However, Plaintiff is a resident of Santa Rosa, California, which is not part of the Central District of California. (Def.'s Mem. 10.) Defendant contends that "it is difficult to see how a trial in the Central District of California is somehow more convenient even for the named Plaintiff." (Def.'s Mem. 10.) Moreover, because this is a class action (Compl. ¶¶ 2, 3, 4, 5, 6, 7), the weight placed on Plaintiff's choice of forum is further discounted. *Saleh*, 361 F.Supp.2d at 1157. Defendant correctly notes that with the sole exception of Plaintiff, "there does not seem to be anyone with testimony relevant to this matter located in the State of California." (Def.'s

Mem. 11.) As such, even though Plaintiff argues that transfer will cause her undue prejudice, any prejudice to her is minimized by the fact that this is a class action suit. (Pl.'s Opp'n 8.)

Accordingly, the Court concludes that like *Saleh*, Plaintiff has not demonstrated that her claims have a material connection with the Central District of California. Although U.S. Life has some connections to the Central District of California, such contacts do not demonstrate a material connection. *Saleh*, 361 F.Supp.2d at 1159. The convenience to the parties factor weighs in favor of transferring this action to the Southern District of New York.

### 3. *Convenience to the Witnesses*

■ "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh*, 361 F.Supp.2d 1152, 1160 (internal citation omitted). In balancing the convenience of witnesses, "courts must consider not only the number of witnesses, but also the nature and quality of their testimony. The convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *Catch Curve, Inc.*, 2006 WL 4568799 *3 (*citing Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1160). Also, "[c]onvenience of employees is less important than the convenience of non-party witnesses." *Catch Curve, Inc.*, 2006 WL 4568799 *3.

■ As in *Szegedy*, in which the defendant "d[id] not manufacture any products in California, and d[id] not have any employees or documents in California," U.S. Life does not have any employees in California. *Szegedy*, 2009 WL 2767683 *3. Rather, U.S. Life argues that "[m]ost if not all of the witnesses who will testify in this matter, with the sole exception of the named Plaintiff, are located in the New York area." (Def.'s Mem. 9.) Also, "[t]esti-

mony relating to negotiations between the Policy's policyholder itself, [and] the New York State Unified Teachers Benefit Trust ("NYSUT"), would necessarily come from individuals located in the New York area." (Def.'s Mem. 9.) U.S. Life alleges that "[a]ny testimony regarding the interpretation of the language in the Policy or the CMMGP Policies by U.S. Life, would come from U.S. Life personnel located in the New York area." (Def.'s Mem. 10.) U.S. Life states that testimony from personnel "may include James Hollenback and Renee McKay, both of whom are located in the New York area." (Def.'s. Mem. 10.) "[W]itnesses testifying regarding the claims handling, operation or interpretation of the Policy or the CMMGP Policies are also located in the New York area." (Def.'s Mem. 10.) Plaintiff argues that U.S. Life misleads the Court by using the term New York area, because residing in the New York area is different than residing in the Southern District of New York.[2] (See Pl's Opp'n 4–6.) However, "all of U.S. Life personnel involved in the Policies at issue here (including 15 claims personnel) are located in Neptune, New Jersey, a short train ride from and well within the jurisdictional reach of the Southern District of New York." (Def.'s Reply 3.) Accordingly, because the majority of potential witnesses are in the New York area, and the only party or witness known to date that is located in California is Plaintiff, the convenience to witnesses weighs in favor of transferring this action to the Southern District of New York. *Szegedy*, 2009 WL 2767683 *3.

### 4. *Interest of Justice*

#### a. *Familiarity with the Governing Law*

■ Plaintiff alleges causes of action that arise under both California and New York law, which do not necessarily favor for or against transfer. *Szegedy*, 2009 WL 2767683 *7. Judge Christina A. Snyder of the Central District of California recently concluded that "[t]he judges in each jurisdiction are fully capable of deciding issues arising under" both California and New York law. *Szegedy*, 2009 WL 2767683 *7. Accordingly, it is clear that courts in the Central District of California are fully capable of applying New York substantive law.

■ Plaintiff and all class members however, "purchased their insurance directly with U.S. Life in the State of New York," and the Policy "[was] issued and [is] governed by the laws of New York." (Compl. ¶¶ 9, 28, 114, 19.) Specifically, "all 34 CMMGP Policies [at issue] were delivered to New York policyholders, and [ ] a clear majority of the individual insured certificate holders under the New York Policies reside in New York, with less than 1% in California." (Def.'s Reply 3.) Also, Plaintiff's cause of action that alleges Deceptive Practices in Violation of New York General Business Law Section 349 relates directly to conduct, which Plaintiff alleges U.S. Life "has been engaged in over a long period of time in New York, and originating in New York." (Compl. ¶¶ 107–112.) (Compl. ¶¶ 111, 114.) As such, this is not a "localized controversy" that the Central

**2.** The Court notes that Plaintiff's statements regarding Mr. Salman are misleading at best and false, at worse. (*See generally* Pl.'s Opp'n.) Specifically, in Plaintiff's Opposition, she states that Mr. Salman made a false declaration when he said that all of U.S. Policy's witnesses reside in New York. (Pl's Opp'n 6.) However, Plaintiff's statement is less than sincere because Mr. Salman said "AGLC employees who provide services related to the policies described herein are located in New York, New York; Neptune, New Jersey; Springfield and Schaumburg, Illinois; and Houston Texas. None are located in California." (Def.'s Reply 2; Def.'s Mot. Ex. A.) As such, it is clear that Mr. Salman did not suggest that all of U.S. Policy's witnesses reside in New York. Rather, Mr. Salman merely stated that witnesses reside in the New York area, which is correct.

District of California necessarily has a strong interest in deciding. *Saleh,* 361 F.Supp.2d at 1167. In *Saleh,* the Court concluded that transfer was appropriate because the "[p]laintiffs were not resident of th[e] district, the alleged acts of abuse that underlie [the] claims did not occur in th[e] district, and California d[id] not have any significant interest in applying and interpreting its laws in [the] case." *Id.* Here, New York has a significant interest in interpreting its own laws and "in protecting its companies from [insurance liability] abroad to preserve the state's economic vitality." *Id.* Moreover, the court in *Saleh* held that "[g]iven the minimal contacts this jurisdiction has with this controversy, it would place an unnecessary burden on jurors in this district to hear this action." *Id.* The same may be true here with regards to jurors in the Central District of California. Ultimately, "the policy issues implicated in the relief Plaintiff seeks, the resolution of which will have a tremendous financial impact on the state of New York and almost no impact on any of the other forty-nine states," suggest that the Southern District of New York has a greater interest than the Central District of California in resolving this matter. (Def.'s Mem. 13.) Accordingly, transferring this action to the Southern District of New York is in the interest of justice.

### b. *The Cost of Litigation and Sources of Proof*

 Defendant contends that "[m]ost, if not all, of the documents that will be relevant to this matter are located in the New York area," so that the cost of litigating this matter will be significantly lower if it is transferred to the Southern District of New York. (Def.'s Mem. 13–14.) As other courts have noted, the "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Szegedy,* 2009 WL 2767683 *6; *see Mohamed v. Mazda Motor Corp.,* 90 F.Supp.2d 757, 778 (E.D.Tex.2000) (holding that "the accessibility and location of sources of proof should weigh only slightly in this court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage."). However, at this time, no discovery has been taken and Plaintiff has failed to provide a list of witnesses she intends to call, or documents on which she intends to rely, which might otherwise indicate that the Central District of California is a more appropriate venue than the Southern District of New York. (Def.'s Mem. 15.) Pursuant to *Szegedy,* evidence in support of remaining in the Central District of California, is "too speculative." *Szegedy,* 2009 WL 2767683 *6. Accordingly, the interest of justice factor weighs in favor of transferring this action to the Southern District of New York.

### 5. *Other Factors*

The parties have presented no other factors that weigh for or against transfer of venue. Specifically, it is not clear that judicial economy would necessarily be served by transferring this action to the Southern District of New York. The Court notes however, that although substantial weight is generally afforded to a plaintiffs choice of forum, because this is a class action, and because U.S. Life has demonstrated that operative facts have not occurred in the Central District of California and the subject matter of the litigation is not connected to the Central District of California, Plaintiffs choice of forum is afforded less deference. *Catch Curve, Inc.,* 2006 WL 4568799 *3.

Accordingly, because this action could have originally been brought in the Southern District of New York, and because the

interest to parties, interest to witnesses, and interest of justice all favor transferring to the Southern District of New York, this Court concludes that transfer is appropriate.

### III. *RULING*

For the foregoing reasons, the Court **GRANTS** U.S. Life's Motion to Transfer to the Southern District of New York.

IT IS SO ORDERED.