Shavonda **HAWKINS**, on behalf of herself and all others similarly situated, Plaintiff,

v.

**GERBER PRODUCTS COMPANY** and Nestlé USA, Inc., Defendants.

**Case No. 12–cv–465–MMA (JMA).**

United States District Court, S.D. California.

Feb. 20, 2013.

Gregory S. Weston, Courtland W. Creekmore, John J. Fitzgerald, Melanie Rae Persinger, The Weston Firm, Ronald Marron, Beatrice Skye Resendes, Law Offices of Ronald A. Marron APLC, San Diego, CA, for Plaintiff.

Dale Joseph Giali, Los Angeles, CA, Carmine R. Zarlenga, Washington, DC, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

[Doc. No. 25]

MICHAEL M. ANELLO, District Judge.

Defendants Gerber Products Company and Nestlé USA, Inc. (respectively, "Gerber" and "Nestlé," and collectively "Defendants"), move pursuant to 28 U.S.C. § 1404(a) for a transfer of venue to the United States District Court for the District of New Jersey. [Doc. No. 25.] In the alternative, Defendants request the Court decline jurisdiction under the first-to-file rule and order transfer. Plaintiff filed an opposition [Doc. No 27], to which Defendants replied. [Doc. No. 28.] For the reasons stated below, the Court **GRANTS** Defendants' motion.

## I. Background

On February 23, 2012, Plaintiff filed a putative class action against Defendants alleging violations of California, Michigan, and New Jersey laws. [Compl. at 11–16.] Between February 2012 and April 2012, ten similar lawsuits were filed against Defendants in six different federal districts.[1] On October 16, 2012, the United States Judicial Panel on Multidistrict Litigation ("JPMDL") entered an order denying centralization of this case with the other similar lawsuits, explaining that "transfer under Section 1404 is preferable to centralization." [Doc. No. 17 at 3.] Shortly after the JPMDL denial, Plaintiff filed a First Amended Complaint ("FAC") alleging that Defendants misleadingly advertise and market infant formula and cereal ("probiotic products") as promoting immunity and digestive health because the foods contain probiotic and prebiotic cultures. [FAC ¶ 1.] Plaintiff's FAC eliminated the original claims based on Michigan and New Jersey laws, but retained the claims under the California Unfair Competition Law, California Consumer Legal Remedies Act, and warranty law. [FAC ¶¶ 49–69.]

The FAC further establishes that all Plaintiffs are domiciled in California, and purchased Defendants' products there. [*Id.* at ¶¶ 5–7.] Gerber is a Michigan corporation with its principal place of business in the District of New Jersey. [*Id.* at ¶ 2.] Nestlé is a Delaware corporation with its principal place of business in the Central District of California. [*Id.* at ¶ 3.]

Defendants filed the present motion to transfer on November 29, 2012.

## II. Legal Standard

■■■ "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal citations and quotation marks omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000).

■■ To support a motion for transfer of venue, the moving party must establish "that venue is proper in the transferor district; that the transferee district is one where the action might have originally been brought; and that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Vu v. Ortho–McNeil Pharm., Inc.,* 602 F.Supp.2d 1151, 1155–56 (N.D.Cal.2009) (quoting *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F.Supp. 503, 506 (C.D.Cal.1992)).

■■ Once venue is determined to be proper in both districts, "[t]he Court must consider public factors relating to 'the in-

1. *See In re Gerber Probiotic Sales Practices Litig.,* No. 2:12–cv–0835 (D.N.J.) (consolidation of *Siddiqi v. Gerber Prods. Co.,* No. 2:12–cv–01878 (D.N.J. Feb. 10, 2012); *Thomas v. Gerber Prods. Co.,* No. 2:12–cv–00835 (D.N.J. Feb. 13, 2012); *Dourdoulakis v. Gerber Prods. Co.,* No. 2:12–cv–01098 (D.N.J. Feb. 23, 2012); *Walker v. Gerber Prods. Co.,* No. 2:12–cv–01149 (D.N.J. Feb. 24, 2012); and *Rudich v. Gerber Prods. Co.,* No. 2:12–cv–01283 (D.N.J. Mar. 1, 2012); *Alvarez v. Gerber Prods. Co.,* No. 5:12–cv–00906 (N.D.Cal. Feb. 23, 2012); *Burns v. Gerber Prods. Co.,* No. 2:12–c027 (E.D.Wash. Feb. 29, 2012); *Gray v. Gerber Prods. Co.,* No. 4:12–cv–01964 (N.D.Cal. Apr. 19, 2012); *Ginger v. Gerber Prods. Co.,* No. 1:12–cv–00652 (E.D.Cal. Apr. 24, 2012)).

terest of justice' and private factors relating to 'the convenience of the parties and witnesses.'" *Decker Coal Co. v. Commonw. Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). Such factors include: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Vu*, 602 F.Supp.2d at 1156. In general, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843.

## III. Discussion

Five of the original ten actions[2] have been consolidated and are pending in the District of New Jersey,[3] where Gerber is headquartered and the marketing and advertising at issue purportedly emanated. Among those five actions is the first-filed *Siddiqi* action,[4] which was filed in the Central District of California and subsequently transferred to the District of New Jersey. Defendants now move to transfer this action to the District of New Jersey on the grounds that it would be more convenient for the witnesses and parties and in the interest of justice. [Mot. at 1.]

As Defendants correctly observe, this transfer motion is unlike the typical binary "either-or" transfer motion, because the consolidated *In re Gerber* action will continue in New Jersey regardless of the outcome of this transfer motion. Thus, the Court cannot simply weigh the benefits

and costs of California versus New Jersey as the forum for Plaintiff's case; instead, the question is whether this suit should be consolidated with *In re Gerber* in New Jersey, or whether it should proceed simultaneously—and separately—in California.

### A. The "Could Have Been Brought" Requirement

As a threshold matter, Defendants must establish that venue is proper in the Southern District of California and that this action could have been brought in the District of New Jersey. *Vu*, 602 F.Supp.2d at 1155–56. Defendants readily satisfy these requirements. Pursuant to 28 U.S.C. § 1391(c), venue is proper for corporations in any district in which a court has personal jurisdiction over that corporation. Defendants have sufficient "minimum contacts" with the Southern District of California to be subject to the Court's personal jurisdiction. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Therefore, Defendants are deemed to reside in the Southern District of California, and venue is proper.

Defendants also have sufficient minimum "minimum contacts" with the District of New Jersey to be subject to the court's personal jurisdiction because Gerber's principal place of business is located in Florham Park, New Jersey. Many of the marketing representations concerning the probiotic products were made at Gerber's Florham Park, New Jersey headquarters. In addition, through its Nestlé Nutrition subsidiary, Gerber employs

---

**2.** On February 12, 2013, the Eastern District of Washington granted a motion to transfer venue in *Burns v. Gerber Products Company, et al.*, No. 12–05027. (E.D.Wash). It is likely that case will also be consolidated with the other five actions in the District of New Jersey.

**3.** *In re Gerber Probiotic Sales Practices Litigation*, Civ. No. 12–835(JLL)(CLW) (D.N.J.2012) ("*In re Gerber*").

**4.** Originally filed in the Central District of California as Case No. 12–cv–01878.

many of the individuals involved in the marketing and advertising of the probiotic products in Florham Park, New Jersey.

The District Court of New Jersey would have subject matter jurisdiction over the current action under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act), because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and more than two-thirds of the class members reside in a state other than the state of which at least one Defendant is a citizen. Accordingly, because the action could have been brought in the District of New Jersey, the Court next considers whether the convenience and justice factors weigh in favor of transferring the action.

## B. Analysis of Relevant Factors

 Each of the relevant transfer factors is analyzed below. The Court, however, is also mindful that while the factors may guide the Court in determining whether transfer is warranted, those factors must also be weighed against another, potentially dispositive factor: the significant burden on limited judicial resources if transfer is denied. "Concerns over judicial efficiency are *paramount* in situations such as this." *Johansson v. Cent. Garden & Pet Co.*, No. 10–03771, 2010 WL 4977725, at *3 (N.D.Cal. Dec. 2, 2010) (citing *Stein v. Immelt*, No. 09cv808, 2010 WL 598925, at *2 (D.Conn. Feb. 18, 2010)) (emphasis added).

### 1. Feasibility of Consolidation with Other Claims

 Defendants argue that the pendency of substantially similar actions in the District of New Jersey weighs in favor of transfer. [Mot. at 7–8.] "An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Callaway Golf Co. v. Corp. Trade, Inc.*, No. 09–cv–384, 2010

WL 743829, at *7 (S.D.Cal. Mar. 1, 2010) (internal quotations omitted). "The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 386–87 (9th Cir.1974) (citations omitted). "In addition . . ., centralizing the adjudication of similar cases will also avoid the possibility of inconsistent judgments." *Callaway Golf*, 2010 WL 743829, at *7.

 Here, five similar cases against Defendants have already been consolidated and are currently pending in the District of New Jersey. The Court finds that the transfer of this action to the District of New Jersey would serve the interest of justice due to the possible consolidation of discovery and the conservation of time, energy and money, and the avoidance of the possibility of inconsistent judgments.

### 2. Plaintiff's Original Choice of Forum

 Plaintiff's choice of forum alone is not controlling in this matter. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955) (finding that section 1404(a) accords broad discretion to district courts, and plaintiffs' choice of forum is only one relevant factor for their consideration). Though generally, a plaintiff's choice of forum receives deference in a motion to transfer venue (*Decker Coal Co.*, 805 F.2d at 843), in class actions, a plaintiff's choice of forum is often accorded less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987) ("Although great weight is generally accorded plaintiff's choice of forum . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."). In

part, the reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district. *Roling v. E\*Trade Sec., LLC,* 756 F.Supp.2d 1179, 1185–86 (N.D.Cal.2010); *Foster v. Nationwide Mut. Ins. Co.,* No. 07–04928, 2007 WL 4410408 at \*2 (N.D.Cal. Dec. 14, 2007) ("Where forum-shopping is evident … courts should disregard plaintiff's choice of forum."). Similarly, if the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight. *See Pac. Car & Foundry Co. v. Pence,* 403 F.2d 949, 954 (9th Cir.1968) (a plaintiff's choice of forum commands less consideration where the operative facts have not occurred within the forum and the forum has no particular interest in the parties or subject matter).

■■■ On the surface, forum shopping does not appear to be an issue because Plaintiff has limited the class definition to only California plaintiffs. [FAC at 1–2.] However, a closer examination of the Consolidated and Amended Complaint of *In re Gerber* filed in the District of New Jersey reveals that the consolidated case seeks to represent all consumers who purchased the probiotic products in the United States, including those who purchased the probiotic products in California. *See In re Gerber* Consolidated and Amended Compl. ¶ 84. Plaintiff has not provided the Court with any persuasive reasons as to why the class has been artificially split into two sub-classes, the California plaintiffs and the non-California "nationwide" sub-class.

Defendants further argue that "in a false advertising action, the heart of the matter lies where the marketing and manufacturing decisions were made, which is typically at Defendant's headquarters." [Reply at 6.] The Court agrees. Given the

parties' contacts, and because this case involves class action litigation, the Court finds that Plaintiff's choice of forum is entitled to very little weight.

### 3. Convenience of the Parties and Witnesses

■■■ "The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience." *Kannar v. Alticor, Inc.,* No. 08–5505, 2009 WL 975426 (N.D.Cal. Apr. 9, 2009). Further, "[i]n balancing the convenience of the witnesses, primary consideration is given to third part[ies], as opposed to employee witnesses." *Id.; Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.,* 42 F.Supp.2d 821, 834 (N.D.Ill.1999) (internal citation omitted) ("The determination of whether a particular venue is more convenient for the witnesses should not turn on which party produces a longer witness list. Rather, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case.").

■■■ Defendants argue that "Gerber … will be the focus of this litigation." [Mot. at 6.] "The only witnesses in California are Plaintiffs, who will have not nearly as significant a role as Gerber and its employees in discovery and any trial." [*Id.*] The Court agrees that Gerber and its employees will likely deliver the majority of the relevant testimony regarding the false advertising claims. However, as Plaintiff asserts in her opposition, primary consideration is given to third party witnesses as opposed to employee witnesses. Plaintiff further argues that to prevail on a motion to transfer, "the movant must identify potential witnesses *by name* and *describe their testimony.*" [Opp. at 10 (emphasis in original) (internal quotations omitted).] Defendants have not identified any potential witnesses by name or de-

scribed their testimony. While the Court agrees the majority of witnesses are located in New Jersey, Defendants fail to specifically name or describe their testimony. These components appear to offset, and the Court finds this factor is neutral.

### 4. Ease of Access to Evidence

■ The Court notes that this factor is not a predominate concern in deciding venue as "advances in technology have made it easy for documents to be transferred to different locations." *Metz v. U.S. Life Ins. Co. in City of New York,* 674 F.Supp.2d 1141, 1148 (C.D.Cal.2009). Nonetheless, most of the evidence in this litigation will be derived from Gerber's corporate records. As such, much of the documentary evidence in this case—to this extent that such evidence may not be available in electronic format—is likely located at Gerber's headquarters in the District of New Jersey. Thus, the Court finds this factor slightly favors transferring the action to the District of New Jersey.

### 5. Familiarity with Applicable Law

■ Plaintiff's initial complaint alleged claims under California, Michigan, and New Jersey law. [Compl. at 11–16.] However, Plaintiff's FAC brings claims solely under California law. Plaintiff argues that "[t]his factor strongly favors retention of the action in this district." [Opp. at 15.] On the one hand, it seems logical that "[a] California district court is more familiar with California law than district courts in other states." *In re Ferrero Litigation,* 768 F. Supp 2d 1074, 1081 (S.D.Cal.2011) (citing *Getz v. Boeing Co.,* 547 F.Supp.2d 1080, 1085 (N.D.Cal.2008)). Yet, on the other hand, "courts in [one state] are fully capable of applying [another state's] substantive law." *Metz,* 674

F.Supp.2d at 1148. In addition, it seems likely "[t]he resolution of this action will depend less on expertise in [California] law and more on the court's fact-finding function." *Barnstormers, Inc. v. Wing Walkers, LLC,* No. 09cv2367, 2010 WL 2754249, at *3 (S.D.Cal. July 9, 2010). Thus, the Court finds this factor is neutral.

### 6. Local Interest in the Controversy

■ Plaintiff argues that "California has an interest in protecting the rights of the class and enforcing California law." [Opp. at 16.] Moreover, Plaintiff asserts the interest in resolving a controversy at the location of the injury is greater than the interest created by the location of a defendant's headquarters. [*Id.*] Defendants state this claim is "erroneous," and argue this factor weighs in favor of transfer because the marketing decisions were made at Defendants' headquarters in the District of New Jersey. [Reply at 6]; *see Rikos v. Procter & Gamble Co.,* No. 10–cv–1974, 2011 WL 1456096 (S.D.Cal. Apr. 13, 2011). While California courts have an interest in protecting Plaintiff, an equally persuasive argument exists that New Jersey courts have an interest in preventing fraudulent practices by companies that conduct business in their state.

Thus, the crux of the present case lies not in California, the state where Plaintiff purports to have purchased a falsely advertised product, but in New Jersey, the state where Gerber is headquartered and allegedly issued misrepresentations concerning its probiotic products. The primary focus of this action is the development and marketing of certain Gerber consumer goods, and decisions about how such goods were to be advertised to consumers.[5] Therefore, the Court finds there

---

5. Gerber alleges—and Plaintiff does not dispute—that Nestle will play little, if any, substantive role in this litigation.

is not a particular localized interest in this case, and thus, this factor favors transfer.

### 7. Administrative Considerations

 Administrative considerations also weigh in favor of transfer. Five nearly identical actions are proceeding before a single judge in the District of New Jersey, and transfer of this action would promote efficiency and fairness to the litigants. Plaintiff argues that the busy docket in the District of New Jersey weighs against transfer [Opp. at 17], but the Court finds this claim unpersuasive. "[D]ocket considerations alone cannot be the primary reason for retaining a case[,] [as] [t]he interests of justice are not served by such blatant forum shopping." *Telepharmacy Solutions v. Pickpoint Corp.*, 238 F.Supp.2d 741, 744 (E.D.Va.2003) (granting transfer where the plaintiff's primary reason for filing in that district was docket congestion).

Because *In re Gerber* will proceed regardless of whether this case is transferred, there will only be a marginal cost associated with consolidating this case with *In re Gerber*. On the other hand, if the Court were to deny transfer, the overall cost of litigation will be effectively doubled because both suits will proceed independently—and possibly with different Plaintiff's counsel. Thus, the Court finds this factor favors transferring the action to the District of New Jersey.

On balance, the interests of justice weigh in favor of transferring venue in order to allow Defendants the opportunity to consolidate all the class actions into one case. Moreover, transferring this action would avoid unnecessary duplication of labor and costs, and conserve scarce judicial resources. Because the Court transfers this action, it does not consider Defendants' first-to-file argument.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motion to transfer venue. Accordingly, the Court transfers this case to the United States District Court for the District of New Jersey.

**IT IS SO ORDERED.**